IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD L. McMURRAY,<br><br>     Plaintiff,<br><br>v.<br><br>FORSYTHE FINANCIAL, LLC,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 1:20-CV-8 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Forsythe Finance, LLC's ("Forsythe") Motion for Summary Judgment.  For the reasons discussed below, the Court will grant the Motion.[1]

## I.  BACKGROUND

Plaintiff brings this action against Forsythe based on Forsythe's attempts to collect a debt against him in Utah state court.  Plaintiff financed the purchase of a motor vehicle pursuant to a retail installment contract and security agreement.  That contract was assigned to CarFinance Capital, LLC and was secured by the purchased vehicle as collateral.  Plaintiff defaulted, the vehicle was repossessed, and was sold at auction.  The proceeds from the sale were insufficient to pay the full amount due under the contract, leaving a deficiency balance.  CarFinance Capital, LLC assigned the right to payment of that balance, plus interest, to Forsythe.

---

[1] Also pending before the Court are a Motion to Certify Class and Motion to Amend Scheduling Order.  Based upon this Order, those Motions are now moot.

Forsythe demanded payment of the outstanding debt from Plaintiff, but Plaintiff did not pay.  Forsythe then brought suit against Plaintiff in Utah state court.  Plaintiff answered and asserted, among other things, that Forsythe was not entitled to relief.  Forsythe moved for summary judgment.  Plaintiff did not respond, and the state court entered judgment in favor of Forsythe.

Plaintiff now brings this putative class action.  Plaintiff asserts claims under the Utah Consumer Sales Practices Act ("UCSPA") and the Fair Debt Collection Practices Act ("FDCPA") based on the fact that Forsythe was not registered as a collection agency under Utah law at the time it engaged in the collection activities.  Forsythe now seeks summary judgment on Plaintiff's claims.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

### III.  DISCUSSION

Forsythe seeks summary judgment on a number of grounds.  Forsythe contends that Plaintiff lacks standing because he has failed to assert an injury-in-fact.  Forsythe further claims that Plaintiff's UCSPA claim fails and that all of his claims are barred by res judicata.

### A.    STANDING

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'  One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability."[5]  To demonstrate an injury in fact, the burden is on Plaintiff to show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[6]

The Tenth Circuit has held that an FDCPA plaintiff has standing to sue, even if they have not suffered monetary damages.[7]  Relying on *Spokeo, Inc v. Robins*,[8] Defendant argues Plaintiff has failed to sufficiently allege an injury-in-fact.  In that case, the Supreme Court stated that a plaintiff cannot plead "a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[9]  The Tenth Circuit has not had the opportunity to revisit the issue of standing in an FDCPA case post-*Spokeo*.  However, the majority of courts

---

[5] *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

[6] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

[7] *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1212 (10th Cir. 2006).

[8] ---U.S.---, 136 S. Ct. 1540 (2016).

[9] *Id.* at 1549.

that have considered this issue have concluded that FDCPA plaintiffs continue to have standing even after *Spokeo*.[10]

Putting this issue aside, Plaintiff pleads more than just a procedural violation of the FDCPA.  Plaintiff also alleges that he has suffered harm in the form of an unlawfully obtained money judgment, garnishment of wages, and emotional distress.  These allegations are sufficient under *Spokeo*.[11]

Defendant argues that Plaintiff cannot demonstrate that these harms were caused by Defendant's alleged failure to register.  This argument goes to causation rather than injury.  Plaintiff has adequately alleged that his injuries were caused by Defendant's conduct.  Plaintiff alleges that Defendant failed to register as required.  Having failed to do so, Defendant lacked the authority to obtain a judgment against Plaintiff.  It is that judgment that is now subject to garnishment proceedings and allegedly gave rise to Plaintiff's claim for emotional distress.  These harms are fairly traceable to Defendant's conduct.  Therefore, Plaintiff has sufficiently alleged standing.

B.    UCSPA

Defendant argues that its alleged failure to register as a collection agency as required by Utah law does not give rise to a violation of the UCSPA.  Specifically, Defendant argues that Plaintiff is improperly attempting to transform a violation of the Utah Collection Agency Act ("UCAA"), which only allows for criminal penalties, into a violation of the UCSPA.

---

[10] *See Lupia v. Medicredit, Inc.*, 445 F. Supp. 3d 1271, 1279 (D. Colo. 2020) (collecting cases from the Second, Third, Sixth, Seventh, and Eleventh Circuits).

[11] *See Ben-Davies v. Bilbaum & Assocs., P.A.*, 695 F. App'x 674, 676–77 (4th Cir. 2017).

The UCAA provides:

> No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.[12]

A violation of this provision is a "class A misdemeanor."[13]

Plaintiff alleges that Forsythe was not registered at the time it engaged in collection activity against him.  Plaintiff asserts that Forsythe's actions violated the USCPA in two ways.  First, Forsythe engaged in actions it could not legally take and, second, Forsythe misrepresented its registration status by filing debt collection actions.

Various judges in this district have held that allegations similar to those asserted by Plaintiff fail to state a claim under the UCSPA.[14]  This Court reaches the same conclusion.  As to the first type of claim asserted, Plaintiff fails to identify how a failure to register results in a violation of the UCSPA.  While the FDCPA prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken,"[15] the UCSPA contains no such provision.[16]

---

[12] Utah Code Ann. § 12-1-1.

[13] *Id.* § 12-1-6.

[14] *Buhler v. BCG Equities, LLC*, Case No. 2:19-cv-00814-DAK, 2020 WL 888733 (D. Utah Feb. 24, 2020) (unpublished); *Ayers v. Portfolio Recovery Assocs., LLC*, Case No. 2:17-cv-01088-DN, 2018 WL 5849472 (D. Utah Nov. 8, 2018) (unpublished); *Gunther v. Midland Credit Mgmt., Inc.*, Case No. 2:17-cv-00704-CW, 2018 WL 4621764 (D. Utah Sept. 26, 2018) (unpublished).

[15] 15 U.S.C. § 1692e(5).

[16] Utah Code Ann. §§ 13-11-4, -5.

Judge Kimball recently rejected this very argument in concluding that such allegations fail to state a claim under the UCSPA.[17]  While Plaintiff takes issue with Judge Kimball's decision, his arguments are unpersuasive.

To support his second type of claim, Plaintiff cites to Utah Administrative Code, Rule 152-11-5(B)(5), which states: "It shall be a deceptive act or practice in connection with a consumer transaction . . . for a supplier to misrepresent that the supplier had the particular license, bond, insurance, qualification, or expertise that is related to the work to be performed." However, Plaintiff fails to allege that Defendant represented that it was licensed under the UCAA.  Instead, Plaintiff alleged that "Defendant did not disclose that it did not have the requisite license when it filed suit."[18]  This is insufficient.[19]  Therefore, Plaintiff's claim under the UCSPA will be dismissed.

C.      RES JUDICATA

Defendant argues that Plaintiff's claims are barred by res judicata based on the earlier collection action in Utah state court.  The Court applies Utah law to make this determination.[20] Defendant, as the party asserting preclusion, carries the burden of proving that Plaintiff's claims are barred.[21]

---

[17] *Buhler v. BCG Equities, LLC*, Case No. 2:19-cv-00814-DAK, 2020 WL 2085247, at *3 (D. Utah Apr. 30, 2020) (unpublished) (discussing differences between statutes).

[18] Docket No. 21-1 Ex. 1 ¶ 34.

[19] *Buhler*, Case No. 2:19-cv-0814-DAK, 2020 WL 888733, at *5.

[20] *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002).

[21] *Timm v. Dewsnup*, 851 P.2d 1178, 1184 (Utah 1993).

"The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion."[22]  "Claim preclusion involves the same parties or their privies and also the same cause of action, and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action."[23]  "Issue preclusion, on the other hand, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[24]

In order for claim preclusion to bar a subsequent cause of action, the following requirements must be met: (1) both cases must involve the same parties or their privies; (2) the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action; and (3) the first suit must have resulted in a final judgment on the merits.[25]

The first and third elements are not in dispute.  Thus, the question is whether Plaintiff's claims here could and should have been raised in the first action.  To assist in this determination, the Utah Supreme Court has adopted the transactional approach set out in Section 24 of the Restatement (Second) of Judgments.[26]  "Under the transactional test, the claims are the same if they arise from the same operative facts, or in other words from the same transaction."[27] "[D]eterminations of whether a certain factual grouping constitutes a transaction or series of

---

[22] *Macris & Assocs., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000).

[23] *Id.* (internal quotation marks and citation omitted).

[24] *Id.* (internal quotation marks and citation omitted).

[25] *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988).

[26] *Gillmor v. Family Link, LLC*, 284 P.3d 622, 627 (Utah 2012).

[27] *Id.* (internal quotation marks and citation omitted).

transactions should be made 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"[28]  No single factor is determinative.[29]

Here, the state court action and this case arise out of the same transaction, specifically Forsythe's efforts to collect on the debt allegedly owed by Plaintiff.  However, Plaintiff argues claim preclusion does not apply because Plaintiff's UCSPA and FDCPA claims did not arise until Forsythe filed suit in state court.  The Utah Supreme Court has held that "parties are required to include claims in an action for res judicata purposes only if those claims arose before the filing of the complaint in the earlier action."[30]  Thus, claim preclusion is inapplicable to causes of action that arise after the filing of the initial complaint.[31]

While Plaintiff is correct that he was not required to assert claims that arose after the state court complaint was filed, the instant claim arose at the time that complaint was filed.  It is the filing of the complaint that gives rise to Plaintiff's claims.[32]  The Utah Court of Appeals has stated that "[t]he scope of litigation is framed by the complaint at the time it is filed."[33]  Here, the state court complaint provides the basis for Plaintiff's claims.  Moreover, the relevant fact at the heart of Plaintiff's claims—Forsythe's alleged failure to properly register—existed well before

---

[28] *Id.* (quoting Restatement (Second) of Judgments § 24(2)).

[29] *Id.*

[30] *Macris & Assocs., Inc.*, 16 P.3d at 1220.

[31] *Id.*

[32] Docket No. 21-1 Ex. 1 ¶¶ 9–11, 21–23.

[33] *Macris & Assocs., Inc. v. Neways, Inc.*, 986 P.2d 748, 751 (Utah Ct. App. 1999) (quoting *NAACP v. L.A.*, 750 F.2d 731, 739 (9th Cir. 1984)).

the filing of the state court action.  Thus, this is not a situation where a claim develops after the initial complaint is filed.  Rather, it was the filing of the state court complaint that makes up Plaintiff's claims here.  Therefore, they could have and should have been brought in the earlier action.

Further, a party is precluded from raising a claim that could have been raised as a defense in a previous action if the relationship between the claim now being raised and the defense is "such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action."[34]  This action seeks to do just that.  If Plaintiff were to prevail, the state court judgment would be nullified.  Plaintiff argues that the judgments Forsythe obtained when it was not registered are void and requests a declaration that those judgments are "void and unenforceable" and that Forsythe is not "entitled to collect any sums on those judgments."[35]  Plaintiff also requests that Forsythe be "ordered to disgorge all sums collected"[36] on these judgments and seeks "damages consisting of any amount collected by the Defendant."[37]  Granting this relief would nullify the earlier judgment and impair Forsythe's rights to the money judgment established in the collection action.[38]  Therefore, Plaintiff is precluded from asserting this claim here.

---

[34] Restatement (Second) of Judgments § 22(2)(b).

[35] Docket No. 21-1 Ex. 1 ¶¶ 12, 37.

[36] *Id.* ¶ 38.

[37] *Id.* at 14.

[38] 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 4414 (stating that "an action based on an omitted defense cannot be permitted in guise of a claim for restitution of a former judgment already paid or for damages measured by its execution").  This also distinguishes this case from *Carvana v. MFG Financial, Inc.*, 547 F. Supp. 2d 1219 (D. Utah 2008), a case heavily relied upon by Plaintiff.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 21) is

GRANTED.

DATED this 11th day of January, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge